Good morning, Your Honor. Good morning. Jeff Price, I'm representing Plaintiff Appellant in 04-1596-A-1. Mr. Price, I wonder if you'd pull the mic up a little closer to your mouth. Thank you. And in the companion but not consolidated case, I am the appellant in 04-16464. And as there is no... We've got to get the clock running. As there is, there was no brief filed against my opening brief in 04-16464, I think it would be appropriate for me to only reserve rebuttal time in the 04-1596-A case. I'd like to start out in the 1596-A case by noting that in the defendant appellee's brief, the cart is placed before the horse, for lack of a better argument. In the case, the procedural posture of the case was that an initial motion for summary judgment had been granted in part and denied in part. Part of it was denied. The district court allowed the defendants, after some litigation, to file a second motion for summary judgment, limited to very specific issues. Actually, an issue. That is the procedural posture of the case. And I'd like to start out in the 1596-A case by noting that in the defendant appellee's brief, the cart is placed before the horse, for lack of a better argument. In the case, the district court allowed the defendants, after some litigation, to file a second motion for summary judgment. I would like to point out to the court that in his declaration, filed in support of a motion for summary judgment, Correctional Officer Fox stated, quote, he attempted to disable in the context of the shooting. So that is not a misstatement of the record. I understand your position as to not being a misstatement, but I have to confess, I'm not sure what the point, what the distinction being made relates to. And the brief speaks in terms of what he intended, and so the shooting was an accident, not intentional. Well, the result of the shooting was perhaps not intended, but he knew that he was firing a shot. So what's the significance of this distinction? The significance of the distinction is that the district court made a finding that the act was intentional, and therefore could not be negligent. But that is not the firing of the shot is not the issue. The issue is the result of the shot. One could fire a shot at the ground, or as Defendant Fox stated in his report, which he refers to in his declaration, he shot another inmate in the knee, and he shot another inmate in the leg, and he was aiming to shoot Sanchez in the body, not in the head. So one can be negligent whilst intentionally firing a shot. I guess I wind up in the same place, though. That you acted intentionally is not a defense to a negligence action. And you're acting unreasonably whether you act deliberately or not. I think that's my point. Are you saying that the district court's determination is founded on a fact, rather a legal premise, that to act intentionally is itself a defense to a negligence action? In part, yes. Now, the main aspect of this case is that nowhere was the appellant permitted the opportunity to address this latent negligence issue that was in the case after the denial of the first motion for summary judgment. That is the main argument on the 15968 case, Your Honor. Oh, I'm sorry. Go ahead. As I understand Judge Hamilton's order on this, the key ruling is that the plaintiff has to show that Defendant Fox acted unreasonably, and under the circumstances, that can't be established. That Fox did act reasonably based on the facts presented in the context of the summary judgment motion. The district court concluded as a matter of law that Fox acted reasonably, and that is a sufficient defense to a negligence action. That part would be – is it the case that if, as a matter of law, a determination is made that a defendant acted reasonably, that's the end of it for a negligence action? Yes, but there was no due process given to the plaintiff to address that issue, the negligence issue. There was a finding made in a qualified immunity context about reasonableness, but the plaintiff was never given any – Same issue? Reasonableness is reasonableness. And the district court could not make that determination sua sponte, especially without providing the plaintiff opportunity to argue the matter. Were you given an opportunity to present affidavits on whether the conduct was reasonable? Yes, in the first summary judgment motion, which the plaintiff prevailed on in certain respects, yes. So presumably, whatever evidence you had that the conduct was unreasonable, you had an opportunity to give to the court, so where's the due process violation? The court ruled in favor of the plaintiff in the first summary judgment motion. That's not my question. Where's the violation if you had the opportunity to present your evidence? Were you prevented from – did you try to bring in affidavits that were rejected or something along those lines? Your Honor, in the second summary judgment motion, the only issue that the court allowed the defendants to address was a qualified immunity issue. The negligence issue, the state law claim, was not a part of her ruling, so it was still in the case. That's the argument. The negligence issue was still there. That's why I called it latent. Okay. Suppose you have the negligence issue still there and you're given the opportunity to address it. Is there anything different you'd address it with other than what you addressed the qualified immunity reasonableness issue with? I would have addressed it with the affidavits that I filed in the first summary judgment. Is it the same record that's before the court? At that point, yes. Well, then, what's the due process problem? Nothing changes. You have exactly the same material in the record either way. And we consider summary judgment de novo, so you're telling me we have the same set of affidavits that we have in any event. The argument is simply that there is no opportunity to even argue the affidavits, that the issue was just disposed of by the court sua sponte. But it wouldn't have changed anything. I believe it would have changed. I believe that the negligence claim would have been upheld. I think you just told us the record before us is exactly the same as it would have been, because you would have pointed to the same affidavits that were already in the record. And in the first motion for summary judgment where the court considered the negligence claim, the court denied summary judgment on the negligence claim. And that record is before us now. Yes. So it's exactly the same issue to us now as it was, as it would be. I just want to make sure. I don't hear you saying that there's anything that you've been denied an opportunity to put into the record. It's all there. I was denied the opportunity to even know that this negligence claim could be sua sponte, disposed of by the district court. It was not an issue in the second summary judgment motion. Counsel, I have a question about the sanctions part of the case. The district court in the sanctions order refers to past misconduct of a similar nature. I think that phrase is past history of similar misconduct. What is the court referring to, and is it in the record? That was inserted into the case in a letter Mr. German, opposing counsel, wrote to the court in response to a court order. After the hearing, Mr. German made some statements which I was not allowed to say anything about to the district court about the eastern district. I was never sanctioned in the eastern district. This is simply something that Mr. German chose to put in the record in a letter. I had no opportunity to cross-examine that or say anything about it. So I would like to know specifically what remedy you're seeking in both of the appeals. In the summary judgment piece of the case, you're seeking essentially just reversal for further proceedings, I take it. Yes. And the same in the sanctions half. You want a trial. No. I believe the sanctions should be reversed and vacated, and there should be an end to it. But your argument is that the person, the argument that you made is that you were not given the appropriate process because you didn't have advance notice and an opportunity to cross-examine, as you've just explained. I didn't have any notice that that. Okay. But now you do. So why wouldn't it simply be sent back for further proceedings if we agreed with your argument that you had inadequate notice? That would certainly be an option to the court. It is my opinion, as stated in my brief, that the fine levied, which certainly could be considered anew, was a criminal penalty, as stated in my brief. The other parts of the case have been rendered moot. The standing committee decided that no discipline should be, no further discipline. They shouldn't do anything. The State Bar determined nothing should be done. Other than the fact that the court published the decision in published reports in the FSUP second, and the public opprobrium of that, the only part of this that is left is the $1,500 fine, which was stayed pursuant to a supersedious bond. My argument at the most would be that the facts themselves simply do not show any bad faith conduct, which is required for inherent power sanctions, as repeatedly stated by this Court, and as stated by the U.S. Supreme Court in Chambers v. NASCO, in which Justice White says this case requires us to explore the scope of the inherent power of a federal court to sanction a litigant for bad faith conduct. You know, I think you may have a point that she proceeded to issue a criminal sanction without following all the, dotting all the i's and crossing the t's. But I have the same question Judge Graber has. You want us to send it back to her to go and dot the i's and cross the t's? Charge you with a criminal contempt? Excuse me. I don't want to be charged with criminal contempt. No, I don't want that. I believe that on the facts of the case, when I was cross-examined with no notice in district court before the district judge and by the district judge, that my statements I made were absolutely honest and forthright. And the district court, I guess, decided to pick out maybe one word that I used, or one response to a question, and just disregard other responses I gave. And by the way, Mr. German's letter, when he says that it is his best belief that he notified me of my not being a member of the Northern District Bar, it was in June, I believe it was mistaken. That's in the record, is my representation. As stated in the brief, that it was in October that that first occurred. Thank you very much, Mr. Graber. Good morning, Your Honors. May it please the Court, Michael German, Deputy Attorney General for the Defendants. I submit that Judge Clifton had it right when he said, the Court is in the right place on this, and specifically, the Court is in the same place. And the same place is the confluence of a finding that Officer Fox acted reasonably, and as such, was entitled to qualified immunity, and therefore, he could not have acted negligently in the circumstances of this case. As the Court is aware, I did not brief the portion of today's hearing, the appeal separately taken, number 16464, dealing with sanctions. I will not address that. However, I will be happy to respond to any questions the Court may have along those lines. As for the merits goes, the judgment may be affirmed on numerous grounds, but the only one that this Court really need consider is that it may be affirmed on any ground. That is a basic rule of appellate procedure. There are numerous grounds to affirm this judgment. Any ground that was dealt with below? Yes, Your Honor. Okay. Yes. Thank you. As long as we're on the same page. Yes. Procedurally, the first prong, the plaintiff waived any negligence arguments by never arguing negligence in either motion for summary judgment, especially the first one, where it was specifically addressed by the Defendants. There was no express assurance in the Court's order allowing the Defendants to bring a second motion for summary judgment based upon the newly disclosed evidence in the form of the Aguilar Declaration that plaintiff did not have to address it. But again, we're talking the same thing. A finding of reasonableness for qualified immunity purposes necessarily embraces a finding that no negligent conduct occurred. The plaintiff had every chance to come up with evidence in both rounds, supporting any of her theories, but didn't. The Court twice, under various devices, reopened discovery in favor of the plaintiff. On the merits, there was ample evidence to support the Court's finding and no factual error occurred below. Fox faced a situation where the District Court found that Sanchez, the plaintiff's decedent, was armed and violently attacking another inmate. Fox acted reasonably, as the District Court found, to save another inmate's life. The Court also stated earlier that the intentional firing of a shot does not necessarily make for negligence in the misfiring or the fact that the bullet landed elsewhere. There's no dispute that a tragedy occurred here. A life was taken. But thankfully, only one life was taken where others might have been taken as well. We're dealing with a violent attack in progress, moving targets, a melee, an incident that the Court properly described as one of the worst riots in California prison history. The videotape, which was actively considered by the District Court on several occasions, in fact, they re-asked for it because the record showed that the District Court mangled the first version that had been given to them. Through no fault of their own, it was a computer glitch or a machine glitch of some sort. Judges are sometimes technically challenged. Well, when we were talking about malicious computers, I didn't want there to be any implication that the District Court somehow was malicious in its VCR, which I think it was. But at any rate, this was not a clear shot situation. It was specifically the sort of situation that qualified immunity was intended to allow for and as the District Court properly granted here. Finally, because the District Court found that Fox acted reasonably for qualified immunity purposes, as a reasonable officer, he could not have acted negligently. If the District Court somehow misphrased any term in its ruling, I respectfully submit that that was harmless error. That should not change the results below. Absence of any questions, I'm finished. Thank you, Mr. German. Thank you. Mr. Price, you have about 30 seconds left if you want them. I think I said what I needed to say. Thank you very much. The case just argued as submitted. Mr. German, Mr. Price, thank you. We'll stand and recess for the day.
judges: Silverman, Graber, Clifton